IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:15-cr-00465-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JOHN DEWEY WILLS, JR., | |
| Defendant. | |

**SCOTT ASPHAUG**
Acting United States Attorney
**AMY E. POTTER**
Assistant United States Attorney
405 E. Eighth Avenue
Suite 2400
Eugene, OR 97401
(541) 465-6771

      Attorneys for Plaintiff

**LISA HAY**
Federal Public Defender
**THOMAS J. HESTER**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant John Dewey Wills, Jr.'s Motion (#77) For Compassionate Release (Sentence Reduction). The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 16, 2015, Defendant was charged in an Indictment with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; one count of Attempted Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of Unlawful Possession of a Short-Barreled Shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871; and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).

The government describes the criminal conduct underlying the Indictment as follows:

> In the fall of 2015, the Salem Police Department
> was investigating several people including
> defendant for distributing heroin in the
> community. Defendant was originally a drug
> runner, but when the leader of the conspiracy was
> arrested, he stepped up to take the lead. Police
> eventually arrested defendant during a traffic
> stop and executed a search warrant on his house
> and storage unit. When defendant, a convicted
> felon, was arrested, he had a loaded .357 magnum
> pistol in his waistband. During the search of his
> residence, police located a short-barreled shotgun
> behind the door as well as other firearms,
> ammunition, and drug paraphernalia.

Gov't Resp. to Def.'s Mot. for Compassionate Release at 1-2 (citations omitted).

On May 2, 2017, Defendant pled guilty pursuant to a Plea Agreement to the one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

On December 9, 2019, the Court sentenced Defendant to 150 months imprisonment and five years of supervised release.

On March 31, 2021, Defendant filed a Motion (#77) For Compassionate Release (Sentence Reduction). The Court took Defendant's Motion under advisement on May 12, 2021.

## DISCUSSION

Defendant is currently housed at FCI Terminal Island and has a projected release date of January 29, 2029.[1] Defendant moves for an order reducing his sentence "by fifteen months to an

---

[1] Defendant notes as of March 31, 2021, he had served approximately 26 percent of his sentence.

3 - OPINION AND ORDER

adjusted term of 135 months in prison" on the ground that he "suffers from an array of medical conditions that make him vulnerable to serious illness from COVID-19."  Def.'s Mot. at 1-2.

I.   **FSA Compassionate Release Standards**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010)(quoting 18 U.S.C. § 3582(b)).  Compassionate release is an exception in extraordinary cases.

"For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf.  However, as part of the First Step Act of 2018, [FSA] Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction directly from the court."  *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *2 (9th Cir. Apr. 8, 2021).  Specifically, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to provide:

> [T]he court . . . *upon motion of the defendant* after the defendant has fully exhausted all administrative [remedies] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

>               (i) extraordinary and compelling reasons
>     warrant such a reduction
>
> * * *
>
>     and that such a reduction is consistent with
>     applicable policy statements issued by the
>     Sentencing Commission.

FSA, 132 Stat. 5194, Pub. L. No. 115-391 (2018)(emphasis added).

Congress, however, did not provide any "statutory definition of 'extraordinary and compelling reasons.' Instead, Congress stated . . . the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *Aruda*, 2021 WL 1307884, at *3.

Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 sets out the Sentencing Commission's policy statement regarding "[r]eduction[s] in [t]erm[s] of [i]mprisonment Under 18 U.S.C. § 3582(c)(1)(A)" as follows:

>     1.  Extraordinary and Compelling Reasons.-
>         . . . extraordinary and compelling reasons
>         exist under any of the circumstances set
>         forth below:
>
>         (A) Medical Condition of the Defendant.--
>
> * * *
>
>             (ii) The defendant is--
>
>                 (I) suffering from a serious
>                 physical or medical condition,
>
> * * *

> that substantially diminishes the ability of
> the defendant to provide self-care within the
> environment of a correctional facility and
> from which he . . . is not expected to
> recover.

That policy statement also requires the court to consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" when a defendant satisfies the requirements of § 1B1.13(1). U.S.S.G. § 1B1.13(2). The Sentencing Commission, however, "has not updated § 1B1.13 since the [FSA] amended § 3582(c)(1)(A). The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A)." *Aruda*, 2021 WL 1307884, at *3.

After the FSA amended § 3582(c)(1)(A) district courts across the country were split on whether § 1B1.13(1) was an "applicable policy statement[] issued by the Sentencing Commission" as to motions for compassionate release filed by defendants rather than by the BOP. The Ninth Circuit addressed this split in *Aruda* noting:

> (1) the text of § 3582(c)(1)(A) . . . only
> requires courts to consider "applicable" policy
> statements by the Sentencing Commission; (2) the
> text of U.S.S.G. § 1B1.13, . . . begins "[u]pon
> motion of the Director of the Bureau of Prisons";
> (3) the text of Application Note 4 to § 1B1.13,
> . . . states . . . "[a] reduction under this
> policy statement may be granted only upon motion
> by the Director of the Bureau of Prisons pursuant
> to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of

6 - OPINION AND ORDER

> Application Note 1(D) to § 1B1.13 . . . is a
> catch-all provision allowing only the "Director of
> the Bureau of Prisons" to determine "other"
> extraordinary and compelling reasons; and (5) the
> legislative history of the First Step Act's
> compassionate-release amendment . . . sought to
> expand and expedite compassionate-release motions
> because they had seldom been brought by the BOP.

*Aruda*, 2021 WL 1307884, at *4 (citations omitted). Ultimately the Ninth Circuit concluded "the Sentencing Commission has not yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant," and, therefore, "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Id*. The Ninth Circuit, however, also concluded the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). Pursuant to *Aruda* this Court concludes the policy statement in U.S.S.G. § 1B1.13 is merely advisory rather than mandatory in the context of motions for compassionate release" brought pursuant to § 3582(c)(1)(A) by defendants rather than by the BOP. This Court, therefore, will only consider the criteria set out in § 1B1.13 as advisory when evaluating Defendant's Motion for Compassionate Release.

**II. The Court's Authority to Modify Defendant's Sentence**

As noted, "'[a] judgment of conviction that includes [a

7 - OPINION AND ORDER

sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon*, 560 U.S. at 824-25 (quoting 18 U.S.C. § 3582(b)). *See also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003)(courts generally may not correct or modify a prison sentence after it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35). As also noted, the FSA provides a limited exception for courts to modify a final judgment of conviction "upon motion of . . . the defendant after the defendant has fully exhausted all administrative [remedies]." 18 U.S.C. § 3582(c)(1)(A).

The parties agree Defendant exhausted his administrative remedies because he submitted a request for compassionate release to the warden of FCI Terminal Island on July 28, 2020, and the warden has not responded.

The Court also concludes on this record that it has the authority to decide Defendant's Motion pursuant to the FSA.

### III. Defendant's Medical Condition

Defendant asserts he has serious medical conditions within the meaning of U.S.S.G. § 1B1.13(1)(A).

As noted, an extraordinary or compelling reason for compassionate release exists when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care

within the environment of a correctional facility and from which he or she is not expected to recover." Application Note to U.S.S.G. § 1B1.13(1)(A).

Defendant notes there have been confirmed cases of COVID-19 at FCI Terminal Island. Defendant asserts he falls into the category of inmates who are at a heightened risk of serious illness from COVID-19 because he is 56 years old; he is obese; and he has high cholesterol, high blood pressure, neuropathy, and chronic back pain.

The government does not dispute there have been confirmed cases of COVID-19 at FCI Terminal Island or that Defendant is obese and has high cholesterol, high blood pressure, and chronic back pain. The government, however, notes Defendant has been fully vaccinated against COVID-19. Specifically, Defendant received his first shot of the Pfizer-BioNTech COVID-19 vaccine in December 2020 and his second shot on January 20, 2021. The government, therefore, asserts Defendant's health conditions do not satisfy the extraordinary and compelling standard for compassionate release.

The Ninth Circuit has not addressed whether an individual who has health conditions like those suffered by Defendant and who is fully vaccinated against COVID-19 can satisfy the extraordinary and compelling standard. Other district courts in the Ninth Circuit and at least one judge in this District have

9 - OPINION AND ORDER

concluded inmates who have been fully vaccinated and who suffer from conditions similar to those of Defendant have not satisfied the extraordinary and compelling standard. *See, e.g., United States v. Cardoza*, No. 3:17-CR-00438-JO, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021)(concluding the defendant, who was obese and suffered from asthma, "has not proven 'extraordinary and compelling reasons' justifying his release pursuant to 18 U.S.C. § 3582(c)(1)(A)" based on his "vaccination and the low rate of infection at FCI Terminal Island"); *United States v. Pena*, No. CR1900296001PHXDJH, 2021 WL 1688240, at *1 (D. Ariz. Apr. 28, 2021)("[T]he Government notes that [Defendant] received both doses of the COVID-19 vaccine. The Government contends this is an additional basis to deny her current Motion [for Compassionate Release]. The Court agrees."); *United States v. Sakuma*, No. CR 12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021)("[T]aking into account Defendant's age [58], risk factors [diabetes, high blood pressure, and high cholesterol], and that he has been vaccinated, the court concludes that [Defendant] has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release."); *United States v. Martinez*, No. 19-CR-5218-MMA, 2021 WL 927360, at *3 (S.D. Cal. Mar. 10, 2021)(even though the defendant suffered from obesity and high blood pressure the court denied the defendant's motion for compassionate release because the defendant had been fully

vaccinated against COVID-19); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021)("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021)(denying the defendant's motion for compassionate release because "[a]lthough it is currently unknown how long immunity produced by vaccination lasts, based on evidence from clinic trials, the Pfizer-BioNTECH vaccine [that defendant] received was 95% effective at preventing COVID-19 illness. The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden.").

In addition, district courts in other circuits have concluded inmates who are fully vaccinated against COVID do not satisfy the extraordinary or compelling standard even though they have medical conditions similar to Defendant. *See, e.g., United States v. Stiver*, No. CR 17-64, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021)("Given Defendant's vaccination, the Court does not find 'extraordinary or compelling reasons' for release."); *United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021)("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison.");

11 - OPINION AND ORDER

*United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021)("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."); *United States v. Poupart*, No. 3:11CR116 (JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021)("Mr. Poupart's argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered Mr. Poupart to reduce these risks."); *United States v. Johnson*, No. 3:02-CR-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021)("Johnson's vaccination minimizes any increased risk he faced due to his medical conditions."); *United States v. Ulmer*, No. CR 18-00579-3, 2021 WL 844579, at *2 (E.D. Pa. Mar. 5, 2021)("Considering Ulmer's minor health concerns, recent recovery from COVID-19 and vaccination, he does not come close to establishing extraordinary and compelling reasons for his release."); *United States v. McQuarrie*, No. 16-20499-1, 2021 WL 843177, at *5 (E.D. Mich. Mar. 5, 2021) ("[A]bsent some authority to the contrary, this Court will not deem an underlying susceptibility to COVID-19 'extraordinary and compelling' where the movant is vaccinated against the disease and is not housed in a facility with a substantial outbreak.").

    The Court finds these cases to be persuasive and adopts

their reasoning. Accordingly, on this record the Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19, which "minimizes any increased risk he face[s] due to his medical conditions."

In summary, the Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release exists in this case. Accordingly, the Court **DENIES** Defendant's Motion For Compassionate Release. Because the Court has concluded Defendant has not established he suffers from a sufficiently serious medical condition, the Court does not address whether Defendant would be a danger to the community if he was released.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#77) For Compassionate Release (Sentence Reduction).

IT IS SO ORDERED.

DATED this 27th day of May, 2021.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge

13 - OPINION AND ORDER